IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGELA MOYER )
)
v. ) NO. 3-11-0616
) JUDGE CAMPBELL
CARROLL FULMER HOLDING )
CORPORATION, et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 33). For the reasons stated herein, Defendants' Motion is DENIED

. FACTS

Plaintiff asserts that on May 12, 2011, she was operating her car on Interstate 40, going east in Nashville, Tennessee. Docket No. 20. She avers that as she approached Exit 219, the truck traveling in front of her experienced a blowout or suffered significant tire separation, causing a large piece of tire to be forcefully ejected from the truck. Plaintiff states that the large piece of tire struck the front of her vehicle, causing significant property damage and personal injuries to her. *Id*. Plaintiff also alleges that the truck in front of her which ejected the piece of tire never stopped. Plaintiff alleges that the truck involved in this incident was driven by Defendant Andrews and owned by Defendants Carroll Fulmer Holding Corporation, Carroll Fulmer Logistics Corporation, and Carroll Fulmer Management Co., Inc. *Id.*

In this diversity action, Plaintiff alleges negligence and gross negligence in the operation of the truck, negligent training of a driver, negligent failure to stop after an accident, negligent inspection of equipment, violation of state statutes, violation of a federal regulation and *res ipsa*

*loquitur*. She seeks money from Defendants for property damage, medical expenses, lost wages and other damages. Docket No. 20.

Defendants have moved for summary judgment and contend that Defendant Andrews was not operating a truck owned by Defendants traveling east in Nashville, Tennessee, on May 12, 2011. Defendants contend that Defendant Andrews did operate a Carroll Fulmer truck traveling *west* on Interstate 40 on May 12, 2011, but he could not have been driving the truck in front of Plaintiff. Defendants also contend that no other Carroll Fulmer truck was operating on Interstate 40 traveling east on May 12, 2011. Basically, Defendants argue that Plaintiff has identified and sued the wrong Defendants.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v.*

2

*Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## DISCUSSION

All of Plaintiff's claims revolve around the alleged misconduct of the driver and owner(s) of the truck which was traveling in front of her, going east on Interstate 40 in Nashville on May 12, 2012. There is no dispute that Plaintiff was traveling east. Docket No. 40-1, ¶ 1. Defendants claim that Mr. Andrews was traveling *west* in a Carroll Fulmer truck on May 12, 2012, in Nashville.

Plaintiff testified that the truck traveling in front of her, going east, was a Carroll Fulmer truck. "As the tire came flying at me, I saw clearly written on the trailer in front of me a large logo with the words clearly written which said, "CARROLL FULMER" painted on the back of the trailer." Docket No. 40-3, ¶ 9. Plaintiff also testified that she told the police immediately following the incident that the truck was from Carroll Fulmer. *Id.*, ¶ 11. Moreover, two days after the incident, Plaintiff called Carroll Fulmer's corporate office to report the incident. *Id.*, ¶ 14.

Defendants have produced Vehicle Position History ("VPH") documents for the truck driven by Andrews on May 12, 2011. Those documents indicate that Andrews was traveling west. Although the information on the VPH documents, when coupled with the testimony of Mr. Andrews and Mr. Bates, indicate that Defendants' truck was traveling west, Plaintiff has created, through her own sworn statement, a genuine issue of material fact as to whether the truck which allegedly damaged her car belonged to Defendants.

3

Accordingly, Defendants' Motion for Summary Judgment (Docket No. 33) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE